Hillsborough, } No. 3082.
June 22, 1939. }

ARTHUR DOUZANIS *v.* BOSTON & MAINE TRANSPORTATION CO. *& a.*

*Bertis A. Pease, Jeremiah J. Doyle* and *Robert J. Doyle*, for the plaintiff.

*Devine & Tobin*, for the defendants.

*Per Curiam.* The defendants contend that the evidence was improperly admitted (1) because "Dr. Mocas did not perform the operation and the exact nature of the injury suffered by the patient, the location of the injury, type of operation, and the points of similarity were not proved," and (2) because the jury "was left to infer that because an operation was unsuccessful in one isolated case, the complete facts of which were not stated, that it would be of no avail in the case at bar."

Neither of these contentions was advanced at the trial, and no objection was interposed during the doctor's statements that he had had only one case of a similar injury and that another physician had performed the operation in that case. The only exception taken relates to the doctor's answer that his patient showed no improvement after the operation. Although the witness did not profess to be competent to perform the operation, he could be found qualified unquestionably to express an opinion as to his patient's physical condition. There is nothing in the evidence to substantiate the defendants' contention that this opinion was "based in part on conversations with Doctor Jones."

The testimony of the witness amounted merely to an assertion that so far as his experience permitted him to judge, and his experience included the treatment of a similar injury, the chance that the plaintiff's condition would be improved by an operation was problematical. The evidence was admissible.

If the defendants believed that the doctor's conclusion was based on insufficient data, they should have requested the Presiding Justice to strike the evidence from the record on that ground or have adopted "some other convenient procedure to bring their complaint specifically" to his attention. *Ricard* v. *Insurance Co.*, 87 N. H. 31, 34. The exception is overruled.

*Judgment on the verdict.*